UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PAMELA WHITTLE and<br>JAMES WHITTLE,<br><br>*Plaintiffs,*<br><br>vs.<br><br>TOWN OF COVENTRY, by and through<br>Its Treasurer, Warren West; et al.,<br><br>*Defendants.* | C.A. No. 06-148 S |

**MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS**

NOW COME the Defendants and hereby move this Court for an Order compelling plaintiffs to file more responsive answers to *Defendants' Request for Production of Documents,* in accordance with Rule 26(b)(5) of the Rhode Island Federal Rules of Civil Procedure. As grounds, Defendants state that the there is no privilege or protection afforded to the documents described in Plaintiffs' Privilege Log 1. Defendants further rely on their Memorandum attached hereto and made a part hereof.

Defendants hereby request a thirty-day Order compelling the production of more responsive answers.

CERTIFICATION OF ATTORNEY

The movant has, in good faith, conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without Court action.

*/s/ Karen K. Corcoran*

Karen K. Corcoran, Esq. (#6877)

Defendants,
By their attorney,

*/s/ Karen K. Corcoran*

Karen K. Corcoran, Esq. (#6877)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
karen@desistolaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on March 26, 2007, and is available for viewing and downloading from the ECF system.

*/s/ Karen K. Corcoran*

Karen K. Corcoran, Esq. (#6877)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PAMELA WHITTLE and
JAMES WHITTLE,

*Plaintiffs,*

vs. C.A. No. 06-148 S

TOWN OF COVENTRY, by and through
Its Treasurer, Warren West; et al.,

*Defendants.*

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO DEFENDANTS REQUEST FOR PRODUCTION**

## I. INTRODUCTION:

In March of 2006, Plaintiffs, Pamela Whittle and James Whittle (hereinafter "Plaintiffs"), filed suit against the Town of Coventry, by and through its Treasurer, Warren West, Town of Coventry Police Department and Gregory Guillette, individually (hereinafter "Defendants") seeking to recover under 42 U.S.C. § 1983 for alleged Civil Rights violations and state law for alleged assault, violations of Due Process, Equal Protection and Civil Rights, negligent failure to properly monitor train, supervise and discipline, and loss of consortium. Plaintiffs' allegations stem from the arrest of the Plaintiff on March 20, 2003 by the Town of Coventry for simple assault, reckless driving and eluding police.

Plaintiffs alleged claims for medical expenses, lost wages, lost earning capacity,

emotional trauma, pain and suffering, as well as loss of consortium. [1]

## II. ARGUMENT:

The Federal Rules of Civil Procedure require that discovery is generally available as to "any matter, not privileged, that is relevant to the claim or defense of any party...." *Fed. R. Civ. P. 26(b)(1).* Further, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably likely to lead to the discovery of admissible evidence." *Id*. And, in order to withhold information using a claim of privilege or protection, "the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." *Fed. R. Civ. P. 26(b)(5).*

Defendant Town of Coventry's First Request for Production of Documents was certified on July 17, 2006. *See Exhibit A*, *"Defendant Town of Coventry's First Request for Production of Documents."* It included the following requests:

1. Any and all medical records including notes, reports, or other writings which relate in any way to the plaintiffs' claim of injury in this matter.

2. Any and all of the plaintiff's medical records, whether related to the instant litigation or not, including, but not limited to bills and reports of whatever nature and kind, office records, from any and all physicians, hospitals or other health and/or mental health care providers, for a period of five (5) years prior to the time of the occurrence(s) alleged in the complaint and up to the present date, including but not limited to conditions of loss of appetite, insomnia, and depression.

---

[1] On or about October 6, 2005, approximately two and a half years after her March 20, 2003 arrest by Gregory Guillette of the Coventry Police Department, Plaintiff Pamela Whittle filed a complaint with the Rhode Island State Police against Gregory Guillette. Pamela Whittle alleged that Defendant Gregory Guillette sexually assaulted her, after her arrest on March 20, 2003, and during transport to the Coventry Police Station. The Rhode Island State Police thoroughly investigated the complaint. Pamela Whittle's polygraph test indicated that Ms. Whittle was deceitful. On February 10, 2006, the Rhode Island Department of Attorney General published a finding of insufficient evidence against Officer Guillette and dismissed the complaint.

To date, Plaintiffs have provided no objections to either of these requests.

On March 20, 2007, Plaintiffs provided an Amended Response to Request to Request for Production, which included Privilege Log 1. *See Exhibit B, Amended Response to Request for Production with Privilege Log 1.*

Defendants argue that, in accordance with the Federal Rules of Civil Procedure, Plaintiffs' Privilege Log 1 does not include an adequate description of "the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." *Fed. R. Civ. P. 26(b)(5).*

Further, and notwithstanding the failure of the Plaintiffs to adequately describe the documents for which they are claiming a privilege or protection, the documents listed in Privilege Log 1 appear to be medical records and documents relating to the medical treatment and progress of Plaintiff Pamela Whittle during the two year period following her March 20, 2003 arrest by the Coventry Police Department. Due to nature of the Plaintiffs' allegations, and their claims for damages, including medical expenses, lost wages, lost earnings capacity, emotional trauma, pain and suffering, as well as loss of consortium, the documents listed in Privilege Log 1 are not expressly privileged or protected in any way.

Defendants respectfully request the production of all of the documents described by Privilege Log 1.

## III. CONCLUSION:

These Defendants respectfully request a thirty (30) day Order compelling the Plaintiffs' production of more responsive answers to Defendants' Requests for Production as described herein.

Defendants,
By their attorney,

*/s/ Karen K. Corcoran*

Karen K. Corcoran, Esq. (#6877)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
karen@desistolaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on March 26, 2007, and is available for viewing and downloading from the ECF system.

*/s/ Karen K. Corcoran*

Karen K. Corcoran, Esq. (#6877)