UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAMELA WHITTLE<br>JAMES WHITTLE, et al.<br><br>*Plaintiffs*,<br><br>Vs.<br><br>TOWN OF COVENTRY, by and Through It's Treasurer, Warren West; TOWN OF COVENTRY POLICE DEPARTMENT; GREGORY GUILETTE, individually; and DOES 1-10, unidentified Patrolman, Administrators, Trainers, Supervisors of the Coventry Police Department,<br><br>*Defendants*, | ) | C.A. No. 06-148 S |

**PLAINTIFF, PAMELA WHITTLE'S PRETRIAL MEMORANDUM**

Now comes the Plaintiff and pursuant to the Pretrial Order herein states the following:

A. The Plaintiff expects to prove that on March 20, 2003 the Plaintiff Pamela Whittle suffered a fracture to her right hip as a result of excessive force applied during her arrest by the Defendant Gregory Guillette. At the time of this incident the Defendant was acting under color of law as a police officer for the Town of Coventry, Rhode Island.

The Plaintiff will present her testimony. She is expected to testify that on March 20, 2003, she had left a scene of a traffic stop, under the belief she was allowed to, and was stopped, assaulted and ultimately arrested by Patrolman Gregory Guillette within a few hundred yards of her home.

The Plaintiff will testify that she came under the care of Kent Hospital, Vaughn Gooding, MD, Frank LaFazia, DO, and James Gallo, MD, that she was diagnosed with a right hip fracture and as a result of a vascular necrosis she underwent a right hip replacement. Her accumulated medical expenses and lost wages exceed $10,000.00.

The Plaintiff will present the testimony of Vaughn Gooding, MD, as an expert witness. The witness is expected to testify that at the time when the Plaintiff disclosed the history of the arrest and the attendant circumstances, the diagnosis of hip fracture as a result of trauma was made.

The Plaintiff will also present the testimony James Gallo, MD, who is expected to testify that she suffers from Post-Traumatic Stress Disorder as a result of this incident.

Plaintiff is expected to present the testimony of the Defendant Gregory Guillette. This witness is expected to testify consistently with his deposition of March 12, 2007. This witness is expected to testify that he stopped the Plaintiff Pamela Whittle for suspicion of DUI. That after the completion of Field Sobriety Tests, the Defendant Guillette saw no evidence of intoxication and intended to release the Plaintiff with a traffic citation for an expired drivers license. This witness is expected to testify that as he sat in his cruiser the Plaintiff drove off from the scene. He believed she was driving home and pursued her. He is expected to testify that he drove his vehicle in front of the Plaintiff's as she became stuck in mud on the road shoulder. He is expected to testify that he drew his service revolver, threatened to break the plaintiff's car window with his baton, pepper sprayed the plaintiff and finally took her to the ground, striking her 2 to 3 times with "knee thrusts".

The Plaintiff will present the testimony of Lt. Sullivan, Coventry Police Department. Lt. Sullivan is expected to testify that he investigated the arrest of Pamela Whittle as it pertained to the use of force. He is expected to testify that the use of a drawn gun, and a baton during this arrest was not in conformity with the use of force protocol of the Coventry Police Department.

B. Supporting Legal Authorities

"To state a claim under 42 USC 1983 a plaintiff must set forth facts that when construed favorably establish

1) The deprivation of a right secured by the constitution or laws of the United States
2) Caused by a person acting under color of state law"

Sigley v. City of Parma Heights 437 F2nd 527, 533 (6th cir 2006). As stated in the recent decision of Griffith vs. Coburn 2007 USCA 05-2720 (6th cir 2007

"the Fourth Amendment guarantees citizens the right to be secure in their persons and protects against unreasonable seizures of a person US Const. Amend. IV". To determine whether an officer's use of force in effecting an arrest is excessive in violation of the Fourth Amendment, the court must apply an "objective reasonableness standard"

The inquiry centers upon the moment of the exercise of force and whether the actions of the police officer are objectively reasonable.

In Graham v. Conner 490 U.S. 386 (1989) the Supreme Court defined the standard "the question is whether the officer's actions were 'objectively reasonable' in light of the facts and circumstances confronting (him), without regard to (his) underlying intent or motivation."

As stated in Griffith supra, quoting Graham supra, "the reasonableness determination 'requires a careful balancing of the nature and quality of the intrusion on the individuals Fourth Amendment interests against the countervailing governmental interests at stake'".

The Griffith court goes on to state "the individuals interest in not having the particular force used against them is weighed against the officer's 'interest in performing these actions, as gauged by the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" Shreve v. Jessamine County Fiscal Court 453 F3d 681 (6th Cir 2006) quoting (Graham v. Conner 490 U.S. 386 (1989).

In an excessive force case, with a claim of qualified immunity, the United States Supreme Court in the matter of Saucier v. Katz 533 us 194 (2001) stated that a determination must be made whether "taken in the light most favorable to the party asserting the injury…the facts alleged show the officer's conduct violated a constitutional right…" and further "whether the right was clearly established on a … specific level"

Plaintiff submits that the evidence addressed through discovery, and to be presented at trial will establish the Saucier standard that the Defendant Guillette violated the clearly established constitutional right of the Plaintiff Pamela Whittle and that this Defendant understood his actions to be violative of that right.

C. Exhibits:

Plaintiff submits the following as exhibits to be presented in support of her case in chief.

1. Medical Reports and Bills - Kent Hospital
2. Medical Reports and Bills - Vaughn Gooding, M.D.
3. Medical Reports and Bills - Frank LaFazia, D.O.
4. Medical Reports and Bills – James Gallo, M.D.
5. Coventry Police Department – Field Operations Order, Use of Force dated 10-2-00
6. Coventry Police Department – Use of Force Form dated 3-22-03

D. Anticipated Motions in Limine:

Plaintiff anticipates filing Motions in Limine regarding the criminal arrest history of the Plaintiff. Plaintiff anticipates the filing of these Motions on or before June 1, 2007 or as otherwise ordered by the Court.

E. Plaintiff's Proposed Jury Instructions.

1. To establish a claim under U.S.C. 1983 a Plaintiff must demonstrate that the Defendants acted under color of state law, and that the conduct of the Defendant worked a denial of rights secured by the constitution or by Federal Law Montinez v. Colon 54F2d 980 (1st Cir. 1995).
2. To establish a claim of excessive force the Plaintiff must prove, that more probable than not the acts of the police officer were objectively unreasonable in the exercise of force upon the Plaintiff, when considering the severity of the crime whether the Plaintiff posed an immediate threat to the safety of the officer and whether the Plaintiff was actively resisting arrest or trying to flee.
3. Medical Expenses:

Plaintiff is entitled to recover the reasonable expense of his/her medical care, treatment and attendance as an element of damages. In awarding damages for medical

care, treatment and attendance you must consider whether the plaintiff has proved two things. First, whether the medical costs claimed by Plaintiff were medically reasonable. Second, whether those costs were necessarily incurred in providing care, treatment and medical attendance. In assessing damages, you should consider evidence that establishes that Plaintiff's medical treatment was necessary as a result of the incident/accident, and you may consider evidence that establishes the reasonable charge for that treatment.

4. Lost Earnings:

Plaintiff is entitled to be compensated for the amount of earnings/wages Plaintiff was reasonably certain to have earned if he/she had not been injured in the accident.

5. Pain and Suffering:

The Plaintiff is entitled to be compensated for the conscious pain and suffering that he/she endured as a result of the incident/accident.

Pain means physical pain, the kind resulting from a physical impact or injury. It includes what we ordinarily think of as physical pain as well as discomfort, stiffness, and restriction of bodily motion that is caused by the pain or discomfort brought about by moving. Pain must be conscious pain, that is, something that the Plaintiff was aware of. The law does not allow a jury to award damages for pain to a person while that person is unconscious.

Suffering, on the other hand, can be equated with what we sometimes call the mental anguish that arises from physical pain or injury to the body. Suffering means recognizing the pain, the danger resulting from the pain, the knowledge that the pain and treatment for it will continue. If you find that the Plaintiff has proven that in addition to physical pain, he/she has also experienced fright, anguish, nervousness, grief, anxiety,

worry, humiliation, embarrassment, shock or terror, the Plaintiff is entitled to recover for this mental suffering.

In awarding any damages to the Plaintiff for pain and suffering, you must be fair and reasonable. And, it must be grounded in evidence and not based upon speculation or conjecture. Nor may you arbitrarily pick some amount. Your award for pain and suffering should be based on the evidence that has been presented to show just how much pain and suffering the Plaintiff has endured as a result of his/her injuries.

6. Life Expectancy

If you find from the evidence that Plaintiff's injuries are reasonably certain to be of a permanent nature, you may take into consideration Plaintiff's life expectancy in assessing damages. You may consider the tables of working life published by the United States Department of Labor, Bureau of Vital Statistics as evidence of the Plaintiff's life expectancy. The life tables reflect statistical averages concerning a person's life expectancy.

7. Disfigurement

Disfigurement, such as a scar is compensable in damages. It is an aspect of bodily injury and impairment. The mental suffering arising from the consciousness of a facial or bodily scar or disfigurement is also compensable. It is an aspect of the pain and suffering that stems from bodily injury. The fact that a permanent scar or disfigurement is partially or temporarily concealable either by clothing, cosmetic surgery does not automatically preclude an award of damages for the mental suffering resulting from the scar or disfigurement. The mental suffering arising from the consciousness of a facial or bodily scar does not necessarily disappear when the scar is concealed. The Plaintiff can

still be conscious that the disfigurement exists as may other with knowledge of Plaintiff's injuries. The concealment of a permanent scar does not prohibit recovery for mental suffering resulting from the consciousness of the scar. You as the jury may, however, consider whether the scar is concealed in determining the award of damages.

8. Mental Suffering:

Mental suffering or anguish of the Plaintiff resulting from injuries sustained as a result of conduct of the Defendant is an element of damages, and may be considered by the Jury in determining damages to be awarded to the Plaintiff.

F. Plaintiff estimates length of trial as five (5) days.

Plaintiff
By their attorney,

*/s/ James P. Howe* ________
James P. Howe Bar No. 2716
215 Broadway
Providence, RI 02903
Tel. (401) 272-3900
Fax. (401) 831-9305
jph@jamesphowe.com

**CERTIFICATION**

I, the undersigned hereby certify that on this 1st Day of May, 2007, I did send a true copy of the within Notice to Take Deposition by electronic means (ECF) and is available for viewing and downloading.

*/s/ James P. Howe* _____
James P. Howe